IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA JARVIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-18-1463 |
| § | |
| STATE OF TEXAS, § | |
| § | |
| Defendant. § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant's Motion to Dismiss (Doc. 14) and the responses and replies filed thereto. For the reasons stated below, it is **RECOMMENDED** that the motion be **DENIED**.

### I. Case Background

Plaintiff, Angela Jarvis ("Jarvis") filed this action for violations of Title VII of the Civil Rights Act of 1964[2] ("Title VII") against her employer, the Texas General Land Office. In the most recent complaint, Plaintiff explains that after she complained about the inappropriate behavior of a male coworker, who was a close personal friend of the regional director, the male coworker was promoted to her supervisor and subjected her to a hostile work environment culminating in her constructive discharge on March 11,

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 19, Ord. Dated Dec. 5, 2018.

[2] 42 U.S.C. §§ 2000e-2000e-17.

2016.[3]

On December 18, 2016, Jarvis mailed an Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire to the EEOC.[4] The top paragraph of the form cautioned, "REMEMBER, a charge of discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination."[5]

On the form, Jarvis checked the "retaliation" box and further stated, "I reported sexual harrassment [sic] on 2/16/16, then duties were reassigned/removed. The person I reported [to] was then put as my supervisor immediately."[6] Jarvis also complained that on February 24, 2016, she was reprimanded for her actions of February 3, 2016, while a co-worker who took the same actions was not reprimanded.[7] Jarvis further explained that her co-workers were told to report her activities to her alleged harasser, and, on March 10, 2016, she lost her Marketing Coordinator title and was assigned additional administrative duties.[8]

---

[3] See Doc. 13, Pl.'s 2ᵈ Am. Compl. pp. 4-12.

[4] See Doc. 33-1, Ex. A to Pl.'s Suppl. Resp. in Opp. to Def.'s Mot. to Dismiss, Intake Questionnaire p. 4.

[5] See id. p. 1.

[6] See id. p. 2.

[7] See id.

[8] See id. p. 5.

Plaintiff filed this action on May 8, 2018. On May 21, 2018, Defendant filed a motion to dismiss alleging that Plaintiff's claims are untimely because she failed to file a formal charge of discrimination within the time allotted by the law.[9] Plaintiff has filed two amended complaints; Defendant has filed similar motions to dismiss directed at each.

## II. Summary Judgment Standard

Defendant filed a motion to dismiss based on Plaintiff's failure to timely exhaust her administrative remedies. However, as the parties attached numerous documents outside the pleadings on which they expected the court to rely, the court gave notice that it was converting the pending motion to dismiss to a motion for summary judgment on the failure to exhaust administrative remedies defense pursuant to Federal Rule of Civil Procedure ("Rule") 12(d).[10] The parties were permitted additional time to submit briefing and documents based on this new standard.

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as

---

[9] See Doc. 14, Def.'s Mot. to Dismiss pp. 12-15.

[10] See Min. Entry, Jan. 10, 2019 Hr'g.

critical to the outcome of the suit.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Ameristar Jet Charter, Inc. v. Signal Composites, Inc.</u>, 271 F.3d 624, 626 (5th Cir. 2001).  To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  See <u>Royal v. CCC&R Tres Arboles, L.L.C.</u>, 736 F.3d 396, 400 (5th Cir. 2013) (quoting <u>Anderson</u>, 477 U.S. at 250).

### III.  Analysis

The State of Texas moves to dismiss Jarvis's Title VII complaint on the grounds that she failed to exhaust her administration remedies within the statutory period.  A plaintiff alleging employment discrimination must exhaust administrative remedies before pursuing her claim in federal court.  <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378-79 (5th Cir. 2002).  The Fifth Circuit has stated that a failure to exhaust administrative remedies is not a procedural "gotcha," but a "mainstay of proper enforcement of Title VII remedies."  <u>McClain v. Lufkin Indus., Inc.</u>, 519 F.3d 264, 272 (5th Cir. 2008).

In Texas, a charge of discrimination must be filed with the EEOC within 300 days of an adverse employment action because Texas has its own state agency to resolve civil rights complaints.  See 42 U.S.C. § 2000e-5(e)(1).  A charge must be in writing under oath or affirmation.  42 U.S.C. §2000e-5(b); <u>Edelman v. Lynchburg Coll.</u>,

4

535 U.S. 106, 112 (2002).

"The primary purpose of an EEOC charge is to provide notice of the charges to the respondent and to activate the voluntary compliance and conciliation functions of the EEOC." Ajaz v. Cont'l Airlines, 156 F.R.D. 145, 147 (S.D. Tex. 1994) (citations omitted). "The charge triggers an investigation by the EEOC so, through a conciliation process, voluntary compliance may be obtained and discriminatory policies and practices eliminated." Id. In making the determination whether a charge exhausted a claim brought in court, the Fifth Circuit has counseled that courts must construe an EEOC charge broadly, "but [ ] will only find a claim was exhausted if it could have been 'reasonably . . . expected to grow out of the charge of discrimination.'" Jefferson v. Christus St. Joseph Hosp., 374 F. App'x 485, 489-90 (5th Cir. 2010)(unpublished)(quoting McClain, 519 F.3d at 273).

In this case, Plaintiff's discrimination claims stem from her allegations of a hostile work environment and forced resignation on March 11, 2016. Plaintiff signed and mailed an intake questionnaire to the EEOC on December 18, 2016, within 300 days of the alleged adverse employment action of constructive discharge.[11] Plaintiff later filed a formal charge of discrimination on February

---

[11] See Doc. 33-1, Ex. A to Pl.'s Supp. Resp. in Opp. to Def.'s Mot. to Dismiss, Pl.'s Intake Questionnaire. The form was received by the EEOC on Dec. 20, 2016, the 284th day after her resignation. See id. p. 1.

6, 2017, 332 days after her resignation/constructive discharge.[12] Plaintiff's formal charge of discrimination is clearly untimely.

Plaintiff contends that her unsworn intake questionnaire can function as a formal charge of discrimination, relying on Price v. Southwestern Bell Telephone Co., 687 F.2d 74, 78 (5th Cir. 1982) and Conner v. Louisiana Department of Health and Hospitals, 247 F. App'x 480, 481 (5th Cir 2007)(unpublished). Alternatively, Plaintiff argues that the court should apply equitable tolling principles to extend the applicable administrative limitations period.

In Price, the Fifth Circuit found that an unverified EEOC intake questionnaire was sufficient to raise a factual issue of the sufficiency of the plaintiff's charge of discrimination because the form described the alleged discriminatory conduct in sufficient detail to enable the EEOC to provide the employer with notice of the claim and the record showed that the EEOC investigated the allegations based on plaintiff's unsworn statements. Price, 687 F.2d at 78. The court found that the statutory requirement of a sworn charge within the applicable time period was "non-jurisdictional and therefore was subject to equitable considerations." Id. at 79. Further addressing the equities of the situation, the court noted that the record did not reflect that the

---

[12] See Doc. 33-2, Ex. B to Pl.'s Supp. Resp. in Opp. to Def.'s Mot. to Dismiss, Charge of Discrimination.

employer suffered any prejudice from Price's failure to "perfect" a charge of discrimination within the applicable period. Id.

In Conner, the Fifth Circuit allowed an untimely formal charge of discrimination to relate back to the filing of the intake questionnaire because the intake questionnaire was sufficiently detailed to allow the EEOC to issue a notice of the charge to the employer and the EEOC had in fact notified the employer of the charge within the 300-day period. See Conner, 247 F. App'x at 481.

In Federal Express Corp. v. Holowecki, 552 U.S. 389 (2008), the Supreme Court held that an intake questionnaire may constitute a charge under the Age Discrimination in Employment Act if it satisfied the regulatory requirements of a charge and could reasonably be construed as a request for agency action. Finding that the intake questionnaire, supplemented with a six-page affidavit that demanded agency action, met the requirements of a sworn charge, the Court permitted the intake questionnaire and the affidavit to be deemed a "charge" because it was sufficiently detailed in its factual allegations and was construed by the EEOC as a request for action. Holowecki, id. at 405.

Under the holdings of Price, Conner and Holowecki, the court must consider whether Jarvis's Intake Questionnaire is sufficiently detailed to be considered a "charge," and whether it could be viewed as a demand for agency action. Here, Jarvis's Intake Questionnaire included the names of the parties, the dates of her employment, the

date of her resignation and an explanation of the allegedly retaliatory conduct/hostile work environment that led to her constructive discharge. The substance of the charge was made within the 300-day period, as the formal charge of discrimination, filed seven weeks later, did not materially expand the claims made in the Intake Questionnaire. Jarvis's Intake Questionnaire was sufficiently detailed to state a claim under Title VII.

While the Intake Questionnaire was not verified, courts have found that a later verification can relate back to the original filing of a complaint. See Edelman, 535 U.S. at 118; Price, 687 F.2d at 79. In Edelman, the Court held that the EEOC's regulation that allowed a later oath or affirmation to relate back to the filing of an unsworn formal complaint was a correct interpretation of Title VII's verification and filing requirements. Edelman, 535 U.S. at 118. As Defendant has not argued that it was prejudiced by Jarvis's failure to submit a sworn charge within the 300-day period, the court finds that the February 2, 2017 formal charge's verification relates back to the Intake Questionnaire's filing.

The court concludes that the Intake Questionnaire meets the sufficiently-detailed requirement of Holowecki, was verified, and can be considered a charge for purposes of the 300-day filing period. The court turns to the second Holowecki requirement, whether or not the questionnaire can be interpreted as a call for agency action.

The Intake Questionnaire in issue provides two options for a person completing it: the person may indicate that she wants to be counseled by an EEOC employee before filing a formal complaint of discrimination or that she wants to file a charge of discrimination. Here, Jarvis checked the second box, clearly indicating that she wanted the EEOC to initiate further administrative proceedings on her allegations. Based on Jarvis's clear indication that action be taken, the court finds that the second prong of the Holowecki test is met and the Intake Questionnaire may function as a timely charge of retaliation.

Because the court finds that the Intake Questionnaire may function as a timely-filed charge in the present circumstances and the late-filed formal charge of discrimination may relate back to the date of the filing of the Intake Questionnaire, the court need not address whether equitable tolling should be applied to excuse Jarvis's late formal charge.

## IV. Conclusion

It is therefore **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 14) be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned

shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 9th day of April, 2019.

_____
U.S. MAGISTRATE JUDGE